```
            UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF TENNESSEE
                  NASHVILLE DIVISION
```

MAL SON HALLIMAN, et al.,        )
                                 )
        Plaintiffs,               )
                                 )
              v.                  )    NO.  3:06-0037
                                 )    Judge Campbell/Bryant
UNITED STATES OF AMERICA, et al.)
                                 )
        Defendants.               )

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

The District Judge referred this case to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Rule 72, Federal Rules of Civil Procedure, for a report and recommendation on any dispositive motions (Docket Entry No. 3). Magistrate Judge Brown thereafter transferred this case to the undersigned (Docket Entry No. 19).

Pending before the Court is defendant's motion for summary judgment, premised upon the plaintiffs' lack of an expert witness (Docket Entry No. 20).

For the reasons stated below, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED** and that the complaint be **DISMISSED**.

### The Complaint

Plaintiffs Mal Son Halliman and husband, Robert W. Halliman, proceeding pro se, have filed this medical malpractice action pursuant to the Federal Tort Claims Act, 28 U.S.C.

§ 1346(b)(1), seeking to recover damages allegedly sustained by plaintiffs as the result of a negligently performed colonoscopy on Mrs. Halliman at the Blanchfield Army Hospital on September 10, 1999. The complaint alleges (1) that the Army surgeon who performed the colonoscopy breached the standard of care by using excessive force that caused a perforation; (2) that the surgeon was negligent in his follow-up care of Mrs. Halliman; (3) that the surgeon failed to obtain Mrs. Halliman's informed consent by failing to inform her adequately of the risks of this procedure, in view of her inability to read and write English, before securing her signature on the surgical consent form; and (4) that the staff of Blanchfield Army Hospital breached the standard of care by their poor postoperative care of Mrs. Halliman.

### Defendant's Summary Judgment Motion

By order of the Court, plaintiffs were to serve their Rule 26(a)(2)(B) expert witness reports on or before August 31, 2006 (Docket Entry No. 17). This deadline has expired and plaintiffs have served no expert witness reports. Defendant has filed its motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, premised on the sole ground that "Plaintiff has not obtained or retained an expert medical witness to support the allegations in her complaint and who has agreed to testify in this case." (Docket Entry No. 22). Defendant argues that, without an expert witness, plaintiffs as a matter of law are

2

unable to establish a genuine issue of material fact for trial. Plaintiffs, in response, maintain (1) that merely asserting plaintiffs' lack of proof is insufficient to support a motion for summary judgment, and (2) that the complaint includes a claim of medical battery, which does not require expert testimony (Docket Entry No. 24).

## **Analysis**

In actions brought under the Federal Tort Claims Act, the Court is required to apply the law of the place where the alleged negligent act or omission of the government occurred. Richards v. United States, 369 U.S. 1, 9-10 (1962); Lloyd v. Cessna Aircraft Co., 434 F.Supp. 4, 5 (E.D. Tenn. 1976). Accordingly, the law of Tennessee applies to this medical malpractice claim against the government.

Tennessee Code Annotated section 29-26-115(a) lists the elements of a medical malpractice claim under Tennessee law, as follows:

> In a malpractice action, the claimant shall have the burden of proving by evidence as provided by subsection (b);
>
> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;

3

(2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and

(3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Subsection (b) of this provision states that no person shall be competent to testify as an expert to establish the elements in subsection (a) unless the person was licensed and practicing in Tennessee or a contiguous bordering state during the year before the alleged injury or wrongful act occurred. Tenn. Code Ann. § 29-26-115(b).

In Tennessee, negligence and causation in medical malpractice cases are ordinarily required to be proved by expert medical testimony. <u>Stokes v. Leung</u>, 651 S.W.2d 704, 706 (Tenn. Ct. App. 1982).

Rule 56(c) of the Federal Rules of Civil Procedure, describing summary judgment, states in pertinent part as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is <u>no genuine issue of any material fact</u> and that the moving party is entitled to judgment as a matter of law.

(emphasis added). Here, the defendant seeks to establish that there is "no genuine issue of any material fact" for trial by asserting (1) that plaintiffs have not obtained a medical expert witness to testify at trial, and (2) that under Tennessee law

4

expert testimony is required to prove the elements of a medical malpractice case. Plaintiffs, in response, apparently concede that they have no medical expert, but they argue (1) that under Tennessee law merely asserting the plaintiffs' lack of proof is insufficient to support a motion for summary judgment, and (2) that their complaint includes a claim for medical battery that does not require expert witness testimony.

The first issue presented here is whether a defendant must negate an essential element of the plaintiffs' case in order to sustain a motion for summary judgment, or whether, instead, merely asserting the plaintiffs' lack of evidence is sufficient. On this issue Tennessee and federal law differ. Tennessee courts have held that merely asserting a plaintiff's lack of evidence is insufficient to support a motion for summary judgment. See McCarley v. West Quality Food Service, Inc., 960 S.W.2d 585, 588 (Tenn. 1998); Byrd v. Hall, 847 S.W.2d 208, 214 (Tenn. 1993). Speaking to this issue, the Tennessee Supreme Court has stated:

> A party seeking summary judgment must demonstrate the absence of any genuine and material factual issues. Byrd v. Hall, 847 S.W.2d 208, 214 (Tenn. 1993). Mere "conclusory assertion[s] that the non-moving party has no evidence is clearly insufficient." Id. at 215. The movant must either affirmatively negate an essential element of the non-movant's claim or conclusively establish an affirmative defense. Id. at 215 n. 5. If the movant does not negate a claimed basis for the suit, the non-movant's burden to produce either supporting affidavits or discovery materials is not

5

>           triggered and the motion for summary judgment
>           fails. Id.

McCarley, 960 S.W.2d at 588. Thus, under Tennessee law, the government's assertion that plaintiffs are without expert witness testimony would be insufficient to support a motion for summary judgment.

In contrast, the U.S. Supreme Court has held that it is not necessary to negate an essential element of the plaintiff's case. The Court stated as follows:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.
>
>                    *   *   *
>
> But unlike the Court of Appeals, we find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim. On the contrary, Rule 56(c), which refers to "the affidavits, if any" (emphasis added), suggests the absence of such a requirement.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (emphasis in original). Accordingly, if federal law governs, the government is

6

not required to negate an element of plaintiffs' case, and a suggestion of plaintiffs' lack of expert testimony is sufficient.

Although the substantive medical malpractice law of Tennessee governs this case, Richards v. United States, 369 U.S. at 9-10, Rule 56 of the Federal Rules of Civil Procedure has been held to control summary judgment practice in district court, unaffected by state procedural rules. Schultz v. Newsweek, Inc., 668 F.2d 911, 917 (6th Cir. 1982). The Court of Appeals for the Sixth Circuit has stated:

> Gafford next contends that the district court erred in applying Rule 56 of the Federal Rules of Civil Procedure instead of the Kentucky summary judgment standard in disposing of GE's motion for summary judgment. She essentially argues that, since Kentucky's procedural rules and case law relating to summary judgment affect substantive legal rights, a federal court in diversity should apply Kentucky's summary judgment standard as expressed in Steelvest, Inc. v. Scansteel Serv. Ctr., Inc., 807 S.W.2d 476 (Ky. 1991). Gafford's argument is readily put to rest. This court rejected such an argument in Reid v. Sears, Roebuck & Co., 790 F.2d 453, 459 (6th Cir. 1986). In that case, employees asserted claims of wrongful discharge in a Michigan state court. The claims were removed to federal court on the basis of diversity of citizenship. The district court granted summary judgment in favor of the employer, and the employees appealed. The employees argued, inter alia, that the court erred in applying the standards of Rule 56 of the Federal Rules of Civil Procedure to the case. This court expressly rejected that argument:
>
> "[One of the employees contends that] Sears would not have qualified for summary judgment under Michigan law and that the outcome of a

7

> diversity case should not be different in a federal court than it would have been in the state whose substantive law controls. This argument fails to recognize the difference between procedural rules and substantive laws. The Federal Rules of Civil Procedure are the rules of practice which apply to civil actions in the federal courts, regardless of whether jurisdiction is based on federal question or diversity of citizenship."

<u>Gafford v. General Electric Co.</u>, 997 F.2d 150, 165-66 (6th Cir. 1993) (quoting <u>Reid v. Sears, Roebuck & Co.</u>, 790 F.2d 453, 459 (6th Cir. 1986). Thus, federal procedural law controls the disposition of the government's motion for summary judgment and, to the extent that plaintiffs' case depends upon expert witness testimony, the plaintiffs' failure to produce expert testimony supporting their case requires that the government's motion be granted.

The second issue raised by plaintiffs' response is whether plaintiffs' claim constitutes a medical battery that can proceed without expert testimony. Plaintiffs argue that it does, and they cite the case of <u>Blanchard v. Kellum</u>, 975 S.W.2d 522 (Tenn. 1998). In a typical medical case alleging lack of informed consent, Tennessee statutory law requires expert testimony to prove that the information provided by a practitioner to the patient did not comply with the standard of care in the community. <u>See</u> Tenn. Code Ann. § 29-26-118. However, the Tennessee Supreme Court has distinguished a medical battery from a typical informed consent case. The <u>Blanchard</u> court stated as follows:

8

> We believe that there is a distinction between: (1) cases in which a doctor performed an unauthorized procedure; and (2) cases in which the procedure is authorized but the patient claims that the doctor failed to inform the patient of any or all the risks inherent in the procedure. Performance of an unauthorized procedure constitutes a medical battery. A simple inquiry can be used to determine whether a case constitutes a medical battery: (1) was the patient aware that the doctor was going to perform the procedure (i.e., did the patient know that the dentist was going to perform a root canal on a specified tooth or that the doctor was going to perform surgery on the specified knee?); and, if so (2) did the patient authorize performance of the procedure? A plaintiff's cause of action may be classified as a medical battery only when answers to either of the above questions are in the negative. If, however, the answers to the above questions are affirmative and if the plaintiff is alleging that the doctor failed to inform of any of the risks or aspects associated with a procedure, the patient's cause of action rests on an informed consent theory.

975 S.W.2d at 524.

From a review of the complaint, it appears that plaintiffs concede that Mrs. Halliman knew that she was to have a colonoscopy on December 10, 1999, and that she consented to it. In the "Background" paragraph of her complaint, Mrs. Halliman states in part: "Although my [sic] I really did not want the procedure, my husband convinced me to agree to the colonoscopy." Elsewhere in the complaint Mrs. Halliman states as follows:

> It must be kept in mind that I am Korean and do not read English. While I understand basic spoken English, I have difficulty comprehending explanations that are complex.

9

> The consent form was signed on December 6, 1999. My husband was not present at that time because he was working in Louisiana. It is highly likely that I signed the consent form without fully comprehending what the risks were. Because I am obsessive compulsive and would have had a tremendous fear of the procedure had I known the risk, I would not have consented to the procedure had I fully comprehended what the risk was.

From this allegation it is clear that plaintiffs' claim is not a medical battery as defined by <u>Blanchard</u>, but instead is an informed consent claim that requires expert testimony pursuant to Tennessee Code Annotated § 29-26-118.

In summary, plaintiffs' claims of medical malpractice and of lack of informed consent both must be proved by expert testimony under Tennessee law. In the absence of expert testimony to support plaintiffs' claims, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of plaintiffs' case renders all other facts immaterial. <u>Celotex</u>, 477 U.S. at 323. Summary judgment for defendant is therefore appropriate.

### **RECOMMENDATION**

For the reasons stated above, the undersigned **RECOMMENDS** that the government's motion for summary judgment be **GRANTED** and the complaint **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and

Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

      **ENTERED** this 15th day of February, 2007.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge