UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MAL SON HALLIMAN, et al., )
)
    Plaintiffs, )
)
       v. ) NO. 3:06-0037
) Judge Campbell/Bryant
UNITED STATES OF AMERICA, et al.)
)
    Defendants. )

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss filed on behalf of defendants United States Army, Blanchfield Community Hospital and Lt. Col. Darwin D. Karr-Peterson ("Dr. Karr-Peterson") (Docket Entry No. 32). Plaintiffs have filed no response in opposition to this motion. The undersigned notes that this motion is untimely because it was not filed by the dispositive motion deadline established in the scheduling order (Docket Entry No. 17). Nevertheless, for the reasons stated below, the undersigned **RECOMMENDS** that the motion be **GRANTED** and the complaint be **DISMISSED**.

The plaintiffs, acting pro se, allege that Dr. Karr-Peterson, an Army surgeon, committed medical negligence in the performance of a routine colonoscopy on Mrs. Halliman at Blanchfield Community Hospital at Ft. Campbell on December 10, 1999. Plaintiffs named as defendants the United States of America,

the United States Army, Blanchfield Army Community Hospital, and Dr. Karr-Peterson.

The District Judge previously has granted the motion for summary judgment filed on behalf of the United States, and has dismissed the complaint against that defendant (Docket Entry No. 31).

The remaining defendants have filed a motion to dismiss asserting that, as a matter of law, this action cannot be maintained against them.

The Federal Employees Liability Reform and Tort Compensation Act (an amendment to the Federal Tort Claims Act) shields federal employees from liability for common law torts committed within the scope of their employment. Henson v. National Aeronautics & Space Admin., 14 F.3d 1143, 1147 (6th Cir.), amended on rehearing, 23 F.3d 990 (6th Cir. 1994); 28 U.S.C. § 2679(d)(1). More particularly, a medical malpractice claimant alleging damages as a result of a military doctor's acts or omissions during the course and scope of his employment is exclusively limited to the remedy against the United States through the Federal Tort Claims Act, pursuant to the Gonzalez Act, 10 U.S.C. § 1089(a). Under this authority, any claims against Dr. Karr-Peterson arising from his acts or omissions within the course and scope of his duties as an Army surgeon lie against the United States and not against Dr. Karr-Peterson personally. There has never been any dispute that

2

Dr. Karr-Peterson was acting in the scope of his duties as an Army surgeon at all relevant times (Docket Entry No. 1, ¶ 1; Docket Entry No. 17 at 1). Accordingly, Dr. Karr-Peterson should be dismissed as a defendant.

Similarly, actions for personal injury or death allegedly caused by the negligent or wrongful act or omission of any employee of the federal government while acting within the scope of his employment lie only against the United States, and not against a federal agency. 28 U.S.C. § 2679(a); 28 U.S.C. § 1346(b). Therefore, neither the United States Army nor Blanchfield Community Hospital are proper parties defendant; claims against them are, by law, claims against the United States.

### RECOMMENDATION

Since, as a matter of law, the claims of the plaintiffs lie if at all against the United States and not against these remaining defendants, the undersigned hereby **RECOMMENDS** that the motion to dismiss on behalf of the United States Army, Blanchfield Community Hospital and Dr. Karr-Peterson be **GRANTED** and the complaint against them be **DISMISSED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections

3

filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

      **ENTERED** this 4th day of April, 2007.

                              <u>s/ John S. Bryant</u>
                              JOHN S. BRYANT
                              United States Magistrate Judge